UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAUGHN EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-05028-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On July 1, 2014, Vaughn Evans ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on October 22, 2014. On March 3, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 38-year-old male who applied for Supplemental Security Income benefits on April 29, 2011. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 29, 2011, the application date. (AR 17.)

Plaintiff's claim was denied initially on September 9, 2011. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir, III on May 8, 2012 in Los Angeles, California. (AR 15.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") Sandra Trost also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on June 15, 2012. (AR 15-25.) The Appeals Council denied review on May 2, 2014. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ had a substantial basis for finding the existence of past relevant work.
2. Whether the ALJ properly considered the evidence of mental impairment and limitations.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 29, 2011, the application date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: back disorder, drug abuse and mood disorder; he

4

also has asthma, which does not provide significant limitations on his ability to perform basic work activities and is not a severe impairment. (AR 17-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18-19.)

The ALJ then found that Plaintiff has the RFC to perform medium work with the following additional limitations:

> Claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. He can stand and walk for 6 hours and can sit for 6 hours out of an 8 hour day with normal breaks. He can bend and stoop and crouch occasionally. He is unable to crawl. He also has moderate limitations in performing detailed and complex tasks and is moderately limited in maintaining attention and concentration. He has no other limitations. He is thus capable of a reduced range of medium work as defined in 20 C.F.R. § 416.967(c).

(AR 19-24.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 23.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a waiter, personal trainer, library assistant, automobile sander, and home attendant (as actually performed). (AR 24-25.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 25.)

## DISCUSSION

The ALJ decision must be reversed. The ALJ's step one finding that Plaintiff engaged in substantial gainful activity and his step four finding that Plaintiff is capable of performing past relevant work are not supported by substantial evidence. The ALJ also failed to properly consider the evidence regarding Plaintiff's mental impairment and limitations. As a result, the ALJ's RFC is not supported by substantial evidence. The

ALJ's nondisability determination is not supported by substantial evidence nor free of legal error.

## I. THE ALJ'S PAST RELEVANT WORK (PRW) FINDING IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ erred in his step four PRW finding. The Court agrees.

Social Security regulations define past relevant work as "work that you have done in the past 15 years, <u>that was substantial gainful activity</u>, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1) (emphasis added). At step one of the sequential process, the ALJ determined that Plaintiff engaged in substantial gainful activity ("SGA") in 2008 and in the fourth quarter of 2009. (AR 17.) Plaintiff, however, has demonstrated that the earnings reported in 2008 and 2009 are insufficient to constitute substantial gainful activity under the earnings guidelines established by the Commissioner. 20 C.F.R. § 404.1574(b). The ALJ does not dispute Plaintiff's contention. Thus, the ALJ's step one finding is not supported by substantial evidence.

The Commissioner attempts to work around the ALJ's erroneous SGA finding by arguing that SGA earnings levels are not dispositive. 20 C.F.R. § 404.1571, for example, states that a claimant will be found not disabled if he or she is able to engage in substantial gainful activity. Section 1571 further states, "Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work that you actually did." Section 1571 concludes by noting, "We will consider all of the medical and vocational evidence in your file to determine whether or not you have the ability to engage in substantial gainful activity." Section 1574(a)(1) provides that the primary consideration in determining SGA is earnings but the fact that earnings are not substantial "will not necessarily show that you are not able to do substantial gainful activity." Based on these regulations, the Commissioner argues that Plaintiff's prior work as a fitness consultant, library aid and waiter was essentially full time and shows he is

6

capable of working at SGA levels even if his earnings from those jobs do not satisfy Social Security earnings guidelines in Section 1574(b).

There are several problems with the Commissioner's position. First, the Commissioner's analysis of Plaintiff's prior work does not appear in the ALJ's decision and cannot be considered here. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts").

Second, a claimant has the burden of showing he or she cannot engage in past relevant work but a job qualifies as past relevant work only if it involved substantial gainful activity. Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). The Ninth Circuit recognizes that earnings are a presumptive but not conclusive measure of whether a job is substantial gainful activity. Id. The presumption that arises from low earnings shifts the step four burden of proof on PRW from the plaintiff to the Commissioner. Id. " With the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." Id. The regulations list five factors to be considered: the nature of the claimant's work, how well the claimant does the work, if the work is done under special conditions, if the claimant is self-employed, and the amount of time the claimant spends at work. Id.; Section 1573. The ALJ, however, presented no evidence of SGA other than earnings and thus did not rebut the presumption that Plaintiff had not engaged in substantial gainful activity and thus had no past relevant work. Lewis, 236 F.3d at 516. Neither the Commissioner nor this Court can supply the analysis and findings required by the Regulations that the ALJ failed to make.

The ALJ's step one SGA finding and step four PRW finding are not supported by substantial evidence. If a claimant has no past relevant work, then the analysis moves to step five in which the ALJ determines if a claimant has the residual capacity to do other substantial gainful work. The ALJ here, however, made no step five finding in the alternative. Again, neither the Commissioner nor this Court can supply the findings required by the Regulations that the ALJ failed to make.

7

The ALJ's step one finding that Plaintiff engaged in substantial gainful activity and his step four finding that Plaintiff is capable of performing his past relevant work are not supported by substantial evidence.

## II. THE ALJ'S MENTAL IMPAIRMENT LIMITATIONS ARE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ did not properly consider the evidence of mental impairment and limitations. The Court agrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

8

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.      Analysis**

The ALJ found that Plaintiff has the severe impairment of mood disorder. (AR 17.) The ALJ relied on the July 25, 2011 opinion of consulting psychiatric examiner, Dr. Fahmy Ibrahim, for this diagnosis. (AR 20-21, 280-284.) Dr. Ibrahim found mild to moderate functional limitations (a) in Claimant's ability to interact with others, (2) ability to understand and carry out simple instructions, (3) ability to maintain focus and concentration, (4) ability to understand and carry out complex instructions and (5) ability to cop with workplace stress. (AR 20-21, 283.) Nonetheless, the ALJ's medium work RFC recognizes only moderate mental health limitations in performing complex

instructions and in maintaining attention and concentration. (AR 19, 23.) The only physician opining to just those limitations is a State agency reviewing physician, Dr. R. E. Brooks. (AR 24, 78-79.)

The ALJ's mental health limitations are undermined by evidentiary insufficiency problems. First, the ALJ fails to provide specific, legitimate reasons for rejecting Dr. Ibrahim's other limitations based on the opinion of a State reviewing physician who never examined the Claimant. The ALJ's finding is especially puzzling because he says he gave great weight to Dr. Ibrahim's opinion. (AR 23-24.)

Second, the ALJ does not explain why he accepted Dr. Ibrahim's more limited diagnosis of mood disorder and rejected the more severe diagnoses of schizoaffective disorder and schizophrenia provided by other physicians. As the ALJ decision documents, medical records from the Los Angeles County Sheriff's Department from November 6, 2010 through May 2, 2011 indicate Plaintiff was treated for a schizoaffective disorder. (AR 20.) On September 8, 2010, Plaintiff was diagnosed with schizoaffective disorder by the West Central Family Mental Health Center. (AR 20.). Plaintiff was diagnosed with schizophrenia by the Exodus Recovery Urgent Care Center on September 3, 2010. (AR 21.) Dr. Kevin Christy, Ph.D., of the Los Angeles County Department of Mental Health diagnosed Plaintiff with schizoaffective disorder on December 28, 2011. (AR 333.) The March 13, 2012 joint report of Anthony Gaston, N.P., and Michelle Clark, M.D., indicates Plaintiff was diagnosed with schizoaffective disorder. (AR 22.) The ALJ failed to provide specific, legitimate reasons for rejecting these repeated diagnoses of schizoaffective disorder from treating physicians.

Third, the ALJ failed to provide specific, legitimate reasons for rejecting the joint opinion of Mr. Gaston and Dr. Clark set forth in a March 13, 2012 Mental Residual Functional Capacity Questionnaire. (AR 314-319.) They opined that Plaintiff had marked limitations in maintaining attention and concentration for extended periods, in sustaining an ordinary routine without special supervision and in completing a work week without interruptions. (AR 22, 317-318.) They opined Plaintiff would be absent from

work for four days a month (AR 318), which would preclude all work. The ALJ gave the Questionnaire little weight because "neither Dr. Clark nor Nurse Gaston has provided any treatment to the Claimant" and their opinions are "not supported by any records of treatment." (AR 22.) It is simply untrue that Dr. Clark and Nurse Gaston did not treat Plaintiff as the Commissioner now concedes. It is also untrue that there are no records of treatment. Numerous treatment notes document assessments of Plaintiff's mental impairment and the prescription of psychotropic medications, specifically Wellbutrin and Serroquel. (AR 248-252, 256, 268-77, 333, 344-346.) The Commissioner argues that the ALJ's error was harmless because the Questionnaire submitted by Mr. Gaston and Dr. Clark was a check box opinion without objective findings. Their questionnaire, however, is supported by the treatment records described above. The Court also notes that Dr. Brooks' September 1, 2011 opinion (AR 79) and Dr. Ibrahim's July 25, 2011 opinion (AR 20) predate the RFC assessment of Mr. Gaston and Dr. Clark. The ALJ did not provide specific, legitimate reasons for rejecting the joint opinion of Mr. Gaston and Dr. Clark.

The ALJ's RFC is not supported by substantial evidence.

\* \* \*

The ALJ's nondisability decision is not supported by substantial evidence nor free from legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: March 12, 2015        */s/ John E. McDermott*
                                               JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE